FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROGER LEE MARTIN, JR., | CASE NO. 7:12CV00391 |
| Plaintiff, | |
| | MEMORANDUM OPINION |
| vs. | |
| BLUE RIDGE REGIONAL JAIL AUTHORITY - LYNCHBURG, | By: James C. Turk<br>Senior United States District Judge |
| Defendant. | |

Roger Lee Martin, Jr., a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he received inadequate medical treatment at the Blue Ridge Regional Jail ("the jail"), in violation of his constitutional rights. Upon review of the record, the court finds that the action must be summarily dismissed.

I

Martin alleges the following facts relevant to his § 1983 action. (ECF No. 1, 4, 8.) While detained at the jail, Martin received "the wrong medication." His mouth swelled and hurt, spots developed on his body, and he could barely talk. Martin could not take any food, so the medical staff placed him on a liquid diet for a week. He also spent two to three days in bed. Martin sues only the jail, seeking monetary damages.

II

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or official if the court determines that the action or claim

Case 7:12-cv-00391-JCT-RSB   Document 13   Filed 10/05/12   Page 1 of 2   Pageid#: 43

is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).

"Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 (1978). To prove that a governmental entity, such as a local jail, is liable for constitutional violations committed by its employees, plaintiff must show that the entity's policy was "the moving force of the constitutional violation." Polk County v. Dodson, 454 U.S. 312, 326 (1981). Martin fails to link a jail policy to any of the alleged constitutional violations regarding his medical treatment. Accordingly, Martin has no legal or factual basis for his claim against the jail,[1] and the court will dismiss the complaint without prejudice, pursuant to § 1915A(b)(1), as legally frivolous. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 5th day of October, 2012.

*/s/ James C. Turk*
Senior United States District Judge

---

[1] Martin's allegations also fail to state any actionable § 1983 claim against any jail official. The jail's medical staff provided Martin with treatment, and his assertions that aspects of that treatment were inappropriate, or that the medication was "wrong," are not sufficient to support a finding that anyone knowingly punished Martin by giving him medication or treatment that harmed him. See Estelle v. Gamble, 429 U.S. 97, 102 (1976) (finding that to state Eighth Amendment claim, inmate must show prison official's deliberate indifference to inmate's serious medical need); Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (finding that inmate's disagreement with medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment).

2